IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DON CARROW, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:08-cv-886 |
| | ) |
| v. | ) |
| | ) **CONFIDENTIALITY AGREEMENT** |
| THE STANDARD INSURANCE COMPANY | ) **AND STIPULATED PROTECTIVE** |
| | ) **ORDER** |
| Defendant. | ) |

IT APPEARING that certain information and documents that arguably may be subject to discovery in these proceedings may contain confidential and/or proprietary information.

IT IS STIPULATED AND AGREED between Plaintiff DONALD CARROW and Defendant STANDARD INSURANCE COMPANY (collectively "the parties"), through their respective attorneys, that:

1. "Confidential Documents" shall mean all written, printed, typed, recorded or graphic matter of any nature whatsoever which are designated as "Confidential," in writing, by the producing party, or any other party, at the time of furnishing such copies to a party or party's attorneys. Any document which contains confidential information may be designated as "Confidential" at the option of the producing party or at the option of any other party. Such designation is to be made either by stamping or otherwise inscribing the words "Confidential" or substantially similar words upon the document itself or by stating in writing that a group of documents is to be treated as confidential.

2. No party receiving Confidential Documents (the term "Party," as used in this paragraph, includes a party's agents, consultants, experts, deponents, witnesses and attorneys)

shall make use of any Confidential Document, or any information contained therein, for any purposes whatsoever other than the prosecution or defense of this action; nor shall any Confidential Document, or any information contained therein, be disclosed by any such party except as provided by this Confidentiality Agreement.

3. Except with the prior written consent of the party requesting confidential treatment, no document designated as confidential and no information contained therein may be disclosed to any person other than the following:

A. Counsel for any party in this action or persons regularly employed in the offices of such counsel in this action. (Such counsel will include both in-house legal staff and outside counsel in the case of the corporations, or other entities, that are parties to this action).

B. Any party in this action, and any past, present or future officers and employees of any party in this action, who is engaged in assisting counsel for that party in the preparation of this action.

C. Persons who saw or had access to such Confidential Documents, or the information contained therein, prior to adoption of this Order.

D. Experts retained by the parties or potential witnesses with whom counsel for such parties determine it is necessary to confer in the prosecution or defense of any claim in this action.

E. Persons noticed for depositions or designated as trial witnesses and their counsel to the extent deemed necessary by counsel for any of the parties in order to prepare such witnesses in this action.

2

   F. Third parties employed by a party or its counsel in a litigation support capacity to review, organize, encode, copy or retrieve documents produced in this action.

   G. Deposition and trial court reporters and judges in this action.

 4. Except for persons identified in Paragraphs 3(A), (B), (C), (F) and (G) above, no person authorized under the provisions of this Confidentiality Agreement to receive access to Confidential Documents, or the information contained therein, shall be granted access rights to them unless and until such person has read this Confidentiality Agreement and executes an Affidavit (in the form attached hereto) agreeing to be bound by the Confidentiality Agreement. Counsel for the parties shall be responsible for maintaining a list of all persons to whom such Confidential Documents, or the information contained therein, are disclosed as well as copies of the agreements signed by them.

 5. Whenever a party objects to the designation of a document or portion of a deposition transcript as confidential, it may so notify opposing counsel, in writing, setting forth the reasons supporting such objection. Such opposing counsel shall respond in writing to any such notification by either (i) withdrawing such classification with respect to such confidential information or (ii) stating that it refuses to do so and the reasons for its refusal. Upon receipt of such a notification of refusal, application may be made to the Court for an order removing the classification of the particular confidential information in question. Until the issue is finally determined by the Court, or in the event of an immediate interlocutory appeal, upon determination of such appeal, the documents shall be given the confidential treatment initially assigned to it as provided for this Confidentiality Agreement.

 6. At the conclusion of this action, all data designated as confidential and copies thereof, in the possession of or under the control of any party or officer or employee thereof,

counsel retained by such party, retained expert or other person described in Paragraph 4 hereof shall be destroyed promptly or returned to counsel for the producing party that designated the information as confidential, unless otherwise specifically agreed in writing by the producing party. Upon the request of counsel for the party designating the documents or information as confidential, counsel signing this Confidentiality Agreement shall provide a letter affirming compliance with the requirements of this Paragraph.

7. Any party seeking to file Confidential Information in this case for whatever reason shall file such Confidential Information under seal. If either party objects to the filing under seal of the documents designated as Confidential Information, that party may file a motion to have the documents at issue filed in the public Court file. Prior to filing such a motion, the parties shall confer in an effort to resolve the issue without Court involvement.

8. Upon motion of any party herein and for good cause shown, the Court may modify the terms of this Confidentiality Agreement.

9. Nothing in this Confidentiality Agreement shall affect any objections to admissibility, privilege, or right which any party might otherwise have against the discovery of any confidential materials sought by any other party herein. Notwithstanding this Confidentiality Agreement, any party may move the Court for an Order imposing additional restrictions upon discovery of documents or other material, including but not limited to, an Order that production thereof not be had.

4

STIPULATED AND AGREED TO this 29th day of August, 2009.

|  |  |
|---|---|
| /s/ *Gregory A. Oliphant* | BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP |

By: /s/ *Andrew Altschul*

Gregory A. Oliphant
1001 Craig Road, Suite 208
St. Louis, MO 63146
(314) 968-9567 (phone)
(314) 569-9809 (facsimile)
gregoryoliphant@msn.com

Attorney for Plaintiff

Andrew Altschul, *pro hac vice*
321 SW Fourth Avenue, Suite 600
Portland, Oregon 97204
503-974-5015 (phone)
971-230-0337 (fax)
andrew@baaslaw.com

Richard J. Pautler, #30789
THOMPSON COBURN LLP
One US Bank Plaza—28th Floor
St. Louis, MO 63101
(314) 552-6000 (phone)
(314) 552-7470 (fax)
rapualter@thompsoncoburn.com

Attorneys for Defendant, Standard Ins. Co.

ENTERED:

_____
Honorable Henry Edward Autrey
United States District Judge

DATE: August 31, 2009

5